### LIVINGSTON v. KLAW et al.

(Supreme Court, Appellate Division, First Department.    April 8, 1910.)

1. JUDGMENT (§ 601*)—RES JUDICATA.

Plaintiff, having been employed by defendants as a vaudeville performer for 20 consecutive weeks, to commence December 2, 1907, at a specified weekly salary, was provided no engagement for the weeks commencing January 6, 1908, and January 20, 1908, respectively. He was furnished an engagement for the weeks commencing January 13 and January 27, 1908, and on February 1st sued for and recovered his salary for such weeks. *Held,* that such judgment was no bar to another action for a subsequent total breach of the contract.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 601.*]

2. MASTER AND SERVANT (§ 48*)—CONTRACT—BREACH—ELECTION.

Where defendants employed plaintiff as a vaudeville performer for 20 consecutive weeks, on their failure to provide him with an engagement during two of the weeks he was authorized, at his election, to terminate the contract; but he was not bound to do so, and by thereafter continuing in defendants' employ waived his right to do so.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 48.*]

Appeal from Trial Term, New York County.

Action by Chris H. Livingston against Marc Klaw and another. From a verdict for defendants and from an order denying plaintiff's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

M. Strassman, for appellant.
Maurice Goodman, for respondents.

MILLER, J.    The defendants, theatrical managers, employed the plaintiff as a vaudeville performer for the term of 20 consecutive weeks to commence December 2, 1907, at a salary of $225 per week, payable weekly. This action was brought to recover damages for a wrongful discharge. The defendants pleaded a former judgment in bar. The facts are not disputed.

The defendants failed to provide an engagement for the plaintiff for the weeks commencing January 6, 1908, and January 20, 1908, respectively. They did provide engagements for the weeks commencing January 13, 1908, and January 27, 1908, respectively, and accepted his services for those weeks. On February 1, 1908, the plaintiff brought an action in the Municipal Court, wherein the judgment relied upon as a bar to this action was rendered. The complaint in that action averred with respect to said two weeks, commencing January 6 and January 20, 1908, respectively, that the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendants failed and neglected to furnish the plaintiff with time and place for his act and declined and refused to accept his services, which were tendered, to his damage in the sum of $450, and he recovered a judgment for that amount with costs. The complaint in this action, phrased much like the complaint in the Municipal Court action, alleges a neglect, failure, and refusal to employ the plaintiff after February 3, 1908.

It may be assumed that, for a total breach of a contract of employment, i. e., a wrongful discharge from employment, but a single action may be maintained. But no case has been cited holding that a recovery for a partial breach of a contract bars an action for a total breach, subsequently occurring; and it may safely be affirmed that there is no authority for such a proposition. Upon the conceded facts in this action, the defendants failed to give the plaintiff employment during two weeks of the term. They did furnish him employment during an intervening and a succeeding week. The failure to give employment during the said two weeks was, therefore, a partial breach only. No doubt, the plaintiff could at his election have terminated the contract upon the first partial breach thereof; but he was not bound to do so, and by thereafter continuing in the defendants' employ under the contract he waived the right to do so. The plaintiff's cause of action, then, for said two partial breaches, was independent of his cause of action for the subsequent total breach of the contract. Indeed, the action for the two partial breaches was begun when he was still rendering services pursuant to the contract. None of the cases relied upon by the respondents have any application to the facts disclosed in this case. So far from the Municipal Court judgment being a bar to the present action, the plaintiff might well have relied upon it as an estoppel.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.